```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

JOSE CARLOS BRITO,

        Petitioner,

v.                                  Case No.  2:26-cv-238-JES-NPM

FIELD    OFFICE    DIRECTOR,
ENFORCEMENT    AND   REMOVAL
OPERATIONS,   MIAMI    FIELD
OFFICE,   Immigration    and
Customs Enforcement, KRISTI
NOEM,  U.S.  Department   of
Homeland  Security,   PAMELA
BONDI, WARDEN, FLORIDA SOFT
SIDE SOUTH DETENTION CENTER,
U.S. DEPARTMENT OF HOMELAND
SECURITY,    and   EXECUTIVE
OFFICE    FOR    IMMIGRATION
REVIEW,

        Respondents.
_____/
```

**OPINION AND ORDER**

Before the Court are Petitioner Jose Carlos Brito's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 5). For the reasons below, the Court grants the petition to the extent set forth in this Order and Respondent Warden's Motion to Dismiss (Doc. 7) is denied as moot.

**I.   Background**

Brito is a native and citizen of Guatemala who entered the United States on April 14, 2019, when he was 14 years old. (Doc. 1 at 10). He was apprehended by the Department of Homeland

Security (DHS) at the time of his initial entry. (Id.) The same day he was released on an Order of Release on Recognizance. (Id.) After his release from custody, Brito relocated with his family to Homestead, Florida. (Id.) Brito graduated South Dade Senior High School in 2024. (Id.) He has valid employment authorization and a driver's license. (Id.) Brito filed an application for asylum on September 26, 2022. (Id.) He has no criminal history. (Id. at 10).

On January 24, 2026, Brito was arrested by Immigration and Customs Enforcement (ICE) while a passenger in a vehicle heading to a work site. (Id.) He is currently detained at the Florida Soft Side South Facility (Alligator Alcatraz) in Ochopee, Florida. (Id.)

Brito is detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). (Doc. 5 at 2). He now argues, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 1 at 12-13).

## II. Discussion

The core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Brito. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

2

Section 1225(b)(1) establishes the procedures for expedited removal. It allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). As expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways. First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." Coalition for Humane Immigrant Rights v. Noem, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility.' " Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 of the INA also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But § 1226 provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal

3

regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  Noncitizens already in the country are treated differently than those seeking entry.  As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.  In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"  Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").  And until recently, DHS has treated aliens—such as Brito—already present in the country as detained under § 1226 and entitled to bond hearings.[1]

---

[1] The Government's recent about-face toward mass mandatory detention under § 1225 was blessed by the Board of Immigration Appeals ("BIA") in In re Yajure Hurtado. 29 I.& N. Dec. 216, 229 (B.I.A. 2025).  But the Court owes no deference to the BIA's statutory interpretations.  In 2024, the Supreme Court concluded that "agencies have no special competence in resolving statutory ambiguities. Courts do." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024).  And "[c]ourts interpret statutes, no

Respondents argue that Brito is properly detained under section 1225(b).[2] Indeed, the Court recognizes that in Buenrostro-Mendez v. Bondi, et al., No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6. 2026), the Fifth Circuit Court of Appeals—the only circuit court to have addressed the issue thus far—recently concluded that most noncitizens apprehended anywhere in the United States are never eligible for release on bond, no matter how long they have resided inside the United States. This is contrary to the overwhelming majority of district court judges to have considered the issue. This Court respectfully disagrees with the Fifth Circuit's analysis and notes that it is not binding precedent in this Court. The government could have prosecuted this case and designated Brito for expedited removal when he entered the country in 2019. Instead, they released him and allowed him to stay more than six years before re-arresting him. Thus, the Court rejects the government's argument that Brito is subject to expedited

---

matter the context, based on the traditional tools of statutory construction, not individual policy preferences." Id. at 403.

[2] In Patel v. Hardin, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 1, 2025), Respondents argued that the Court lacks jurisdiction to consider this petition and that the petitioner has not properly exhausted his administrative remedies. The Court rejected those arguments in Patel and in scores of other recent cases presenting the same issues. See e.g., Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile. The Court's reasoning on these issues also applies here.

5

removal and concludes that Respondents' authority to detain him stems from section 1226(a). As a noncitizen detained under section 1226(a), Brito has a right to a bond hearing.

The Court will thus order Respondents to either bring Brito before an immigration judge for a § 1226 bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Brito to mandatory detention under § 1225(b)(1) is unlawful. If Respondents are unable to ensure that Brito timely receives the bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1. Jose Carlos Brito's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Respondent Warden's Motion to Dismiss (Doc. 7) the Warden as an improper respondent is **DENIED** as moot because petitioner is entitled to relief.

3. Within **TEN (10) DAYS** Respondents shall either provide Brito with the statutory process required under § 1226, which includes a bond hearing, or release him under reasonable conditions of supervision.

    4.    If Respondents release Brito, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

    5.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 27, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

7